UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA BULLETTE, | Case No. 1:21-cv-01519-HBK (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO A LIMITED EXTENT |
| v. | |
| WARDEN, | (Doc. No. 10) |
| Defendant. | OCTOBER 5, 2023 DEADLINE |

Pending before the Court is Plaintiff's motion for a sixty-day extension of time to file a response to the Court's August 2, 2023 Screening Order. (Doc. No. 10). Plaintiff requests an extension of time because she has limited access to the law library and is obtaining help from a "jailhouse lawyer." (*Id*.). In support, Plaintiff submits the declaration of Jessica Hann who purports to be a "jailhouse lawyer." (Doc. No. 11). Ms. Hann attests that she is helping Plaintiff prepare a first amended complaint but requires additional time to assist Plaintiff because she is scheduled to undergo an unspecified surgery on an unspecified date. (Doc. No. 11).

The Court may grant an extension of time "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). The Court directed Plaintiff to deliver her response to the August 2, 2023 Screening Order to correctional officials for mailing no later than September 5, 2023. (Doc. No. 9 at 9, ¶1). Thus, Plaintiff's motion is timely. Notably, Plaintiff is appearing pro se in this civil rights action

and cannot be represented by a "jailhouse lawyer." *Medina v. Hedgpeth*, 2016 WL 8731795, at *9 (C.D. Cal. Jul. 7, 2016) (holding a "jailhouse lawyer" could not represent the prisoner who was proceeding on a habeas corpus petition) (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1962)). This Court's local rules also require that an individual who is appearing pro se, must appear personally and "may not delegate that duty to any other individual[.]" Local Rule 183. Thus, because Ms. Hann is not a licensed attorney nor is she a party to the instant action, the Court considers her declaration as submitted by Plaintiff only for purpose of supporting Plaintiff's request for additional time. *See Storseth v. Spellman*, 654 F.2d 1349, 1355 (9th Cir. 1981) (jailhouse lawyer may assist prisoner in preparing filing but pro se prisoner must file pleadings on their own behalf).

The Court finds good cause to grant Plaintiff an extension of time but finds a request for a sixty-day extension to be excessive. To the extent that the correctional institution permits the use of jailhouse lawyers, Plaintiff does not explain why she cannot obtain assistance from another jailhouse lawyer. Further, Plaintiff does not provide a date for the surgery or how the nature of surgery warrants a sixty-day extension. Thus, the Court will afford Plaintiff an additional thirty (30) day extension of time to comply with the Court's August 2, 2023 Screening Order.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion (Doc. No. 10) is GRANTED to the limited extent that Plaintiff shall deliver her response to the Court's August 2, 2023 Screening Order to correctional officials for mailing **no later than October 5, 2023.**
2. Plaintiff's failure to timely comply with this Order will result in the undersigned recommending that the district court dismiss this action for Plaintiff's failure to comply with a court order and prosecute this action.

Dated:   August 13, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2